FILED
JUL 14 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-154 |
| KURT COFANO | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Cindy K. Chung and Jonathan D. Lusty, Assistant United States Attorneys for said district, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a five-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 and 3 | Possession of an Unregistered Firearm/Destructive Device<br><br>July 9, 2020 (Count 1)<br>July 9 and 10, 2020 (Count 3) | 26 U.S.C. § 5861(d) |
| 2 and 5 | Possession of a Firearm by an Unlawful User of a Controlled Substance<br><br>July 9, 2020 (Count 2)<br>July 9 and 10, 2020 (Count 5) | 18 U.S.C. § 922(g)(3) |
| 4 | Manufacturing a Firearm/Destructive Device<br>From in and around May 2020 through in and around July 2020 | 26 U.S.C. § 5861(f) |

### II. ELEMENTS OF THE OFFENSES

A.   As to Counts One and Three:   In order for the crime of Possession of an

Unregistered Firearm/Destructive Device, in violation of 26 U.S.C. § 5861(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly possessed a firearm;

    2.    That the firearm was a destructive device or a rifle with a barrel less than 16 inches in length;

    3.    That the defendant knew of the characteristics of the firearm, that is, that it was a destructive device or a rifle with a barrel less than 16 inches in length;

    4.    That this firearm was or could readily have been put in operating condition; and,

    5.    That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

Third Circuit Model Criminal Jury Instruction 6.26.5861.

B.    As to Counts Two and Five: In order for the crime of Possession of a Firearm by an Unlawful User of a Controlled Substance, in violation of 18 U.S.C. § 922(g)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    The defendant knowingly possessed the firearm described in the Indictment;

    2.    At the time of the charged act, the defendant was an unlawful user of a controlled substance;

    3.    At the time of the charged act, the defendant knew that he was an unlawful user of a controlled substance; and,

    4.  The defendant's possession was in or affecting interstate or foreign commerce.

    Third Circuit Model Criminal Jury Instruction 6.18.922G (modified)

 C. As to Count Four: In order for the crime of Manufacturing a Firearm/Destructive Device, in violation of 26 U.S.C. § 5861(f), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.  On or about the dates charged in the Indictment, the defendant knowingly made a firearm, in this case a destructive device, as defined in 26 U.S.C. § 5845(a).

    2.  Prior to the making of the destructive device, the defendant failed to obtain an approved application form from the Secretary of the Treasury or his delegate showing approval to make and register the destructive device as required by 26 U.S.C. § 5822.

    United States v. Williams, 775 F.2d 1295 (5th Cir. 1985). 26 U.S.C. § 5861(f).

### III. PENALTIES

 A. As to Counts One, Three, and Four: Possession of an Unregistered Firearm/Destructive Device (26 U.S.C. § 5861(d)) and Manufacturing a Firearm/Destructive Device (26 U.S.C. § 5861(f)):

    1.  A term of imprisonment of not more than ten (10) years (26 U.S.C. § 5871).

    2.  A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.  A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

 B. As to Counts Two and Five: Possession of a Firearm by an Unlawful User of a Controlled Substance (18 U.S.C. § 922(g)(3)):

    1.  A term of imprisonment of not more than ten (10) years. However, if it

is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which a defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Cindy K. Chung*
CINDY K. CHUNG
Assistant U.S. Attorney
PA ID No. 317227

*/s/ Jonathan D. Lusty*
JONATHAN D. LUSTY
Assistant U.S. Attorney
PA ID No. 311180