IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : Criminal No. 2:20-cr-154
:
KURT COFANO :

<u>Position of Defendant with Respect to Sentencing Factors</u>

AND NOW, comes the Defendant, Kurt Cofano, and files the within Position with Respect to Sentencing Factors, and in support thereof, avers as follows:

1) The Defendant objects to the base offense level calculation in the PSI, which states "the Defendant possessed firearms described in 26 U.S.C. § 5845(a) and was a prohibited person at the time of the offense under 18 U.S.C. § 922(g) as set forth in counts 2 and 5 of the Indictment and for which... the base offense level is 20. USSG § 2K2.1(a)(4)(B)." (PSI paragraph 25)

2) The Defendant contests the base offense level since it relies on counts 2 and 5 of the Indictment, which were dismissed as part of the plea agreement in this case.

3) The Defendant has entered a guilty plea in this case to counts 1, 3, and 4. The Defendant possessed firearms described in 26 U.S.C. § 5845 and argues that the base offense level is 18. USSG §2K2.1(a)(5)

4) The Defendant thus objects to the total offense level of 25 in the PSI (paragraph 35) and argues that the total offense level is 23.

5) The Defendant argues that a total offense level of 23 and a criminal history category of I imposes a guideline imprisonment range of 46-57 months.

6) While the low end of the 46-57 month guideline imprisonment range would normally be reasonable, the Defendant moves to depart downward from the 46-57 month guideline imprisonment range to a sentence of 34 months of imprisonment, given;

A) The Defendant's mental and emotional health conditions (a copy of the psychological evaluation is attached

and marked as Exhibit "1") and,

B) The unusually arduous conditions the Defendant endured while in pre-sentence confinement as a result of the Covid-19 pandemic, which merits recognition by the court in measuring the just sentence. (A copy of the brief describing the Defendants pre-sentence confinement is attached and marked as Exhibit "2").

8) Although departures based on conditions of confinement are not encouraged by the guidelines, they are also not discouraged; in fact, they are an unmentioned factor. There is no evidence to indicate that the Sentencing Commission took the conditions of a pre-sentence detainee's confinement into account in creating the guidelines. No evidence exists to show that the Commission contemplated that pre-sentence detainees would face extreme conditions of confinement as required by the Covid-19 pandemic. Therefore, conditions of confinement as described (in Exhibit "2") provide grounds for departure under USSG 5.5K2.0.

Respectfully submitted,

*Kurt Cofano*

Kurt Cofano
USMS # 04811-509
Butler County Prison
202 S Washington Street
Butler, PA 16001

page 4 of 4