Exhibit 2

"The pandemic, aside from posing a threat to defendants health, has made the defendant's incarceration harsher and more punitive than would otherwise have been the case. This is because prisons, as prime candidates for the spread of the virus, have had to impose onerous lockdowns and restrictions that have made the incarceration of prisoners far harsher than normal."
United States v. Rodriguez, 492 F Supp 3d 306, 2020

"As has been widely chronicled, the pandemic has required extreme restrictions on prisoners' movements and visits. It has also exposed prisoners to heightened fears of contagion. Long before the current pandemic, courts had recognized that periods of pre-sentence custody spent in unusually arduous conditions merited recognition by courts in measuring the just sentence. See e.g. US v. Carty, 264 F.3d 191, 196-97
    The same logic applies here. A day spent in prison under extreme lockdown and in fear of contracting a once-in-a-century deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison. While not intended as punishment, incarceration in such conditions is, unavoidably, more punishing."
United States v. Ciprian, 2021 US district Lexis 18698

As of December 8th 2021, the date of the sentencing hearing, the defendant (Kurt Cofano) will have served 18 months of his sentence in pre-sentence confinement, and it has been under the extremely restrictive conditions required by the COVID-19 pandemic. This includes 203 days spent on lockdown (restriction to a two man cell for 23 hours per day). Nearly all of this time on lockdown has been spent in solitary confinement.

The remainder of the defendant's pre-sentence custody was served on "Split Recreation", a policy that splits the inmates in each housing pod into two groups to limit interaction between inmates and aid in social distancing practices. During "Split Recreation", the first group of inmates is let out for recreation for 3-4 hours in the morning, and the second group of inmates gets recreation for 3-4 hours in the afternoon. While effective at reducing indoor gathering group numbers, "Split Recreation" reduces the amount of recreation time to only 3-4 hours each day. This means that on days the defendant was not on 23 hour lockdown, he was still locked in a two man cell for at least 20 hours per day.

Furthermore, the pandemic restrictions have made it impossible for the defendant to visit with family, access drug treatment programs, receive mental health counceling, or attend religious Services. "The heightened restrictions imposed upon all prisoners during the pandemic may enhance the deterrent effect of prison sentences served during the pandemic by making the conditions of confinement harsher, both physically and psychologically, than they otherwise would be." United States v. Henareh, 2021 US dist. Lexis 6855

In conclusion, due to the pandemic, the defendant has faced conditions of confinement unheard of for a non violent, first time offender inmate, and should therefore receive a mitigated sentence based upon these circumstances.